**Rajko STANKOVIC, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 95–3727.

United States Court of Appeals, Seventh Circuit.

Argued May 28, 1996.

Decided Sept. 5, 1996.

Y. Judd Azulay, Stephen D. Berman (argued), Azulay & Azulay, Chicago, IL, for petitioner.

Michael J. Shepard, Office of the U.S. Atty., Crim. Div., Chicago, IL, Carl H. McIntyre, Jr., Nelda Reyna (argued), Dept. of Justice, Office of Immigration Litigation, Washington, DC, Janet Reno, U.S. Atty. Gen., Office of the U.S. Atty. Gen., Washington, DC, Samuel Der–Yeghiayan, I.N.S., Chicago, IL, David M. McConnell, Stephen W. Funk, Marion E. Guyton, Dept. of Justice, Civ. Div., Immigration Litigation, Washington, DC, David J. Kline, Dept. of Justice, Office of Immigration, Washington, DC, for respondent.

Before POSNER, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

When threatened with deportation for overstaying his visa, Rajko Stankovic applied for asylum in the United States. He claimed that he had fled his homeland, Serbia, because of political persecution and that this persecution would be renewed if he were deported there. An immigration judge did not believe his assertions of past persecution and therefore denied the application. The Board of Immigration Appeals affirmed this decision, but Stankovic contends that the affirmance is incongruent with the judge's decision, and he asks us to overturn the Board's decision. Because we conclude that the Board has failed to meet minimal standards for rational decision-making, we will grant Stankovic's request.

■ Stankovic was admitted to the United States as a visitor for pleasure in 1988, and his visa was good for one year. In 1994, when immigration officials learned that Stankovic had stayed beyond the limit of his visa, they instituted deportation proceedings. Stankovic responded by applying for asylum. When an alien resists deportation in this manner, his application is treated as both a request for asylum and as a request for the withholding of deportation. 8 C.F.R. § 208.3(b). These two kinds of requests require similar factual showings. To prevail in an application for asylum, the applicant must show that he has a well-founded fear of persecution. *See* 8 U.S.C. § 1158(a). Such a

fear can be demonstrated in either of two ways: by showing past persecution, a showing that creates a presumption of a well-founded fear; or by showing that a reasonable person in the applicant's situation would fear persecution. If the applicant attempts to establish a well-founded fear by showing past persecution, the government may rebut his evidence by showing that conditions in the applicant's former country have changed since the earlier persecution occurred. 8 C.F.R. § 208.13(b)(1)(i). The application for withholding of deportation also requires a showing about persecution, but that showing is more difficult to make than the one required for an asylum application. To be eligible for the withholding of deportation, the applicant must show a clear probability of persecution, not just a well-founded fear of it. *See* 8 C.F.R. § 208.16; *see also Balazoski v. INS*, 932 F.2d 638, 640 (7th Cir.1991). Given the relationship between these required showings, if an applicant cannot prevail in his request for asylum, he cannot prevail in his request for the withholding of deportation.

Stankovic tried to make these showings by relying on his own testimony about his past experience in his native country. This testimony is, in broad outlines, as follows. Stankovic comes from Belgrade, in what is now the Serbian Republic. He asserts that, between 1985 and 1988, when Belgrade and Serbia were part of Yugoslavia, he participated in anti-communist political activities, following the leadership of a university professor known for having liberal views. As Stankovic has it, Yugoslavian authorities did not persecute the professor because he was too venerable; but they did persecute his followers, including Stankovic. Stankovic reports that he was arrested and beaten three times during the period of his political activity and that, at the end of his last encounter with the police, he was advised to leave the country. He did so, travelling to the United States in 1988 on a one-year visa. After the visa expired, Stankovic remained in Chicago because he feared a renewal of persecution on his return. This fear persisted even after the division of Yugoslavia because Stankovic noticed that the new "republican" bosses in

Serbia were the same people who had been the old communist bosses.

Telling this story was, in a sense, the first necessary step in Stankovic's case. If the immigration judge had believed his account, Stankovic would have established past persecution, thereby creating a presumption that his future persecution was likely. Unless the INS rebutted this presumption, Stankovic's asylum petition would have succeeded. But the judge did not believe Stankovic's story, finding it littered with internal inconsistencies. Because Stankovic's only significant evidence was his own testimony, and because the judge found it incredible, his application for asylum failed, and, therefore, so did his application for withholding of deportation.

Stankovic appealed the immigration judge's decision to the Board which affirmed the judge's decision. The Board's written opinion is terse, and most of it is devoted to a rudimentary recitation of the relevant legal rules or background facts. The Board conveyed the substance of its decision in one paragraph that explained why the immigration judge was correct in denying Stankovic's applications:

We find that the respondent has failed to establish a valid asylum claim. The respondent's asylum claim is lacking in plausibility. In *Matter of Dass*, Interim Decision 3122 (BIA 1989), we held that when the basis of an asylum claim becomes less focused on specific events involving the alien personally and instead is more directed to broad allegations regarding general conditions in the alien's country of origin, corroborative background evidence that establishes a plausible context for the persecution claim (or an explanation for the absence of such evidence) may well be essential. The only background evidence that appears in the record is from the Bureau of Democracy, Human Rights and Labor dated May 25, 1994, which examines current country conditions in the former Yugoslavia. The respondent has produced no evidence to substantiate any point of his testimony. There is no evidence that the professor existed or that the respondent was persecuted as a result of his alleged political activities. The respondent had

time before the hearing to obtain evidence but failed to do so and has not explained why he could not obtain evidence especially since the professor was apparently such a prominent individual in opposition to the regime.

This paragraph is the real subject of our review, and when we review the Board's disposition of appeals, we give its decision-making great deference. Our standard of review seeks to insure that the Board will consider the issues before it in a rational fashion, and we will affirm its decisions if there is any substantial evidence in the record to support them. *Salameda v. INS,* 70 F.3d 447, 449 (7th Cir.1995). The question we must therefore consider is whether the Board's discussion of Stankovic's case reflects a reasoned review of the immigration judge's decision in light of the administrative record.

■ We cannot conclude that the Board made a rational decision here. As the quoted paragraph demonstrates, the Board certainly asserted reasons for its decision, but its main reasons are irrelevant to the record. For the immigration judge, the dispositive issue was the credibility of Stankovic's testimony about his personal experience in the former Yugoslavia. Indeed, given the evidence before the immigration judge, this was the only issue in the case. But the Board seemed concerned with an entirely different issue, one that could not possibly have been a basis for decision on the record. As the Board understood them, Stankovic's claims focused on general conditions in Serbia and not on his own personal experience. Citing its own opinion in *Matter of Dass,* the Board pointed out that such claims usually require corroboration from evidence besides the petitioner's own testimony, and it then concluded that Stankovic's claim should fail because he provided no meaningful corroborative evidence. We do not doubt that this reasoning might justify the Board's decision in many cases; but it has no application in this one. The Board's own discussion of the case strongly suggests that it had not read, or was confused about, the record or the immigration judge's decision. It is hard to imagine how a rational decision-maker could have

examined the development of this case and then indicated that Stankovic's claim is "less focused on specific events involving the alien personally and instead is more directed to broad allegations regarding general conditions in the alien's country of origin." Stankovic's claim focused *only* on specific events involving him personally. Therefore, there is no evidence in the record that supports the Board's analysis of the case.

The INS resists this interpretation of the Board's decisionmaking. In its view, the Board's decision expresses agreement with the immigration judge on the question of Stankovic's credibility. The INS believes that the Board cites *Matter of Dass* to support the proposition that broad, unsubstantiated factual allegations cannot form the basis of a petition for asylum—not for the proposition that allegations related to general country conditions require corroboration. And the INS points to a passage in *Matter of Dass* which does indeed support this proposition. The INS's reading might be plausible if the Board had only cited *Matter of Dass* and had not explained the relevance of that opinion; but the Board did explain why it relied on this case, and that reliance had nothing to do with general principles about the importance of corroborative evidence. The Board's own words leave us with the inescapable conclusion that it cited *Matter of Dass* because it fundamentally misunderstood Stankovic's case and the immigration judge's decision. There may or may not be valid reasons for affirming the judge's dismissal of Stankovic's applications, but the Board has not asserted any.

The Board's order is therefore VACATED, and the matter is REMANDED for further proceedings not inconsistent with this opinion.